UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KON BAGAT,                                            No. 1:26-cv-00346-DJC-AC

               Petitioner,

v.                                                              ORDER

TONYA ANDREWS, et al.,

               Respondents.

Petitioner Kon Bagat has filed a Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1.) Petitioner is a noncitizen who was born in Sudan. (*Id.* at 2; Opp'n at 2.) In 2009, Petitioner was subject to a final order of removal. (Pet. at 2; Opp'n at 2.) It is undisputed that the Government has been unable to remove Petitioner to Sudan since 2009. (Pet. at 2; Opp'n at 2.) Petitioner was recently re-detained by Immigration and Customs Enforcement ("ICE") pending his removal to Sudan. Petitioner requests that the Court order his release. Most relevant for this Order, Ground Four of the Petition seeks release on the basis that Petitioner's detention violates Federal Regulations and the Administrative Procedures Act ("APA"). (Pet. at 17–18.)

Based on Petitioner's request for Respondents to "immediately release" Petitioner from their custody (*id.* at 19) the Court construed the Petition as also a Motion for Temporary Restraining Order and ordered a response from Respondents

1

(*see* ECF No. 4).  Respondents have replied and stated they do not oppose conversion of the Motion to a Motion for Preliminary Injunction.  (Opp'n (ECF No. 6) at 5.)

For the reasons stated below, the Court grants the Motion for Preliminary Injunction.

<b>LEGAL STANDARD</b>

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical."  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, Petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."  *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted).  The Ninth Circuit employs a sliding scale approach to the *Winter* factors, under which a strong showing on the balance of hardships may compensate for a lesser showing of likelihood of success.  *See Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022).

<b>DISCUSSION</b>

**I.  Likelihood of Success on the Merits**

The Court finds Petitioner has established a likelihood of success on the merits of his claim that his re-detention violates 8 C.F.R. § 241(i)(2).  It is undisputed that Petitioner is subject to a final removal order.  As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen.  *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231.  However, the Government has been unable to remove Petitioner since 2009.

2

(Pet. at 2.)  Where a noncitizen subject to a final order of removal is out of custody, revocation of their release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).  Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred.  *See Hoac*, 2025 WL 1993771, at *3.  "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed."  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025).  Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, Respondents have failed to present any evidence of a change in circumstances justifying re-detention.  It is undisputed that Petitioner has been subject to a final order of removal since 2009. (Pet. at 2; Opp'n at 2.)  There is no indication that Respondents have ever been able to obtain travel documents for Petitioner.

While Petitioner was in prison for a period of that time, following Petitioner's release Respondents never detained Petitioner, obtained travel documents, or effectuated Petitioner's removal.

Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2). (Opp'n at 3.) The relevant subsection of that section provides the following:

> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a)(2)(A). Notably, that provision only applies to the original detention of the alien during the removal period. As defined by section 1231(a)(1)(A), the removal period is the 90 days after a noncitizen is ordered removed. Where a noncitizen is detained or confined separate from immigration proceedings, that period does not begin until the individual is released. 8 U.S.C. § 1231(a)(1)(B)(iii). But this does not alter the Court's analysis as Petitioner was released from his prison sentence years prior to his present detention, thus this period has long since run. As the removal period (as defined for purposes of section 1231) has elapsed, section 1231(a)(2) is not applicable to Petitioner. Similarly, section 1231(a)(6) permits continued detention for certain individuals who are already detained "beyond the removal period[.]"[1] It does not provide a justification for detaining an individual who has already been released.

The decision to revoke Petitioner's release and detain him is thus governed by 8 U.S.C. § 1231(a)(3) and the regulations at 8 C.F.R. § 241.13(i) that as described above permit redetention in certain circumstances. Respondents do not argue that

---

[1] Additionally, while that subsection does permit continued detention, it does not mandate it. *See* 8 U.S.C. § 1231(a)(6).

4

there is a change in circumstances that renders Petitioner a flight risk or danger to the community.  While Respondents raise that Petitioner has had additional offenses since his release, based on the information provided to the Court, the most recent of these appears to have occurred in 2019, over six years ago.  (*See* ECF No. 6-6.)  While it is entirely possible that these events may have been a change in circumstances supporting the revocation of Petitioner's release when they occurred, they cannot be leveraged years later to justify Petitioner's present detention.

Respondents also state that "DHS is currently pursuing travel documents for Petitioner."  (Opp'n at 2; *see* Olsen Decl. (ECF No. 6-1) ¶ 11; *see also* ECF No. 6-8.)  But Respondents provide no support for the assertion that this request will be successful now where the Government was unable to obtain these documents previously.  Indeed, this assertion that DHS is "currently pursuing" travel documents is made entirely on the basis of a November 30, 2025 letter to Sudan's consulate requesting travel documents within seven days.  (ECF No. 6-8; *see* Olsen Decl. ¶ 11.)  Clearly Respondents did not obtain travel documents in the time requested and Respondents provide no additional information that suggests that they may be successful in obtaining travel documents in the foreseeable future.

Given the above, Respondents have not established that any of the factors under 8 C.F.R. § 241.13(f) weigh in favor of a finding that there has been a change in circumstances.   Respondents have thus failed to carry their burden that there has been a change in circumstances.[2]  Accordingly, Petitioner has established a likelihood of success on the merits of his claim that his present detention violates 8 C.F.R. § 241.13 and is thus unlawful.

---

[2] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future.  But it is Respondents' burden to establish a change in circumstances, and they have not met that burden at this time.

## II.  Irreparable Harm

Petitioner will suffer irreparable harm in the absence of preliminary relief.  The Ninth Circuit has recognized the irreparable harm inflicted by the "subpar medical and psychiatric care in ICE detention facilities."  *Hernandez*, 872 F.3d at 995.  More broadly, the Ninth Circuit has also acknowledged the "irreparable harms imposed on anyone subject to immigration detention" including "the economic burdens imposed on detainees and their families as a result of detention."  *Id.*  Petitioner has thus established irreparable harm.

## III. Balance of the Harms & the Public Interest

The final two *Winter* factors merge when the government is the nonmoving party.  *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).  The interests of equity and the public weigh in favor of Petitioner here.  As discussed above, Petitioner is harmed by her ongoing detention.  A temporary restraining order also inflicts minimal harm to the Government.  Though Respondents have an interest in enforcing immigration laws, "the public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering."  *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025).  "[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue."  *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022).  The Government also does not assert Petitioner poses any danger to the community.  For these reasons, the Court concludes that the equities and public interest weigh in favor of Petitioner.

## IV. Bond

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  The Court has "discretion as to the amount of security required, *if any*."  *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th

Cir. 2003). Because the Government cannot reasonably assert that it is harmed by conforming to its own regulations, the Court finds "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id*. Thus, the Court concludes no security is required here.

**CONCLUSION**

Accordingly, the Court ORDERS that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 1) is converted to a Motion for Preliminary Injunction and GRANTED.

2. Respondents are ordered to immediately release Kon Bagat from their custody. Respondents shall not impose additional restrictions on her than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent a showing to the Court that there is a change in circumstances to warrant Petitioner's re-detention.

4. This matter is referred to the assigned Magistrate Judge for all further pretrial proceedings, s*ee* L.R. 302(c)(17), with the exception of any motion to modify the terms of this Order.

IT IS SO ORDERED.

Dated:   **January 29, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

7