UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KON BAGAT, A-078-765-373,<br>Petitioner,<br>v.<br>ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-0346 DJC AC<br><br>ORDER &<br>FINDINGS & RECOMMENDATIONS |

Petitioner, a self-represented federal immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This action was referred to the undersigned by the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons discussed below, the undersigned denies the motion to appoint counsel as moot, and recommends that the petition be granted and that respondents be enjoined from re-detaining or removing petitioner to a third country unless they adhere to specific constitutionally required procedures.

I. Factual and Procedural History

In 2009, after petitioner was subject to a final order of removal and the government was unable to remove him to Sudan, petitioner was released from custody. See ECF Nos. 1 (Verified Petition) at 2, 6 (Motion to Dismiss) at 2, 6-1 (Declaration of Deportation Officer Sellenia Olson) at 2, 6-5 (Order of Immigration Judge) at 1. On October 31, 2025, petitioner was transferred from

Arizona Department of Corrections and re-detained by immigration authorities. ECF No. 6-1 at 2.

On January 16, 2026, the court received petitioner's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges his detention under the Fifth Amendment Due Process Clause, federal regulations, and the Administrative Procedures Act ("APA"), and challenges Immigration and Customs Enforcement's ("ICE") current procedures regarding removal of persons to third countries. ECF No. 1. Petitioner also filed a motion to appoint counsel. ECF No. 2.

The court construed the petition as including a motion for a temporary restraining order and issued a briefing order. ECF No. 4. Respondents filed a motion to dismiss the petition and a response to the petition. ECF No. 6. The response stated that respondents did not oppose the conversion of the motion for a temporary restraining order to a motion for preliminary injunction. Id. at 5 n.4.

The court converted the motion for temporary restraining order to a motion for preliminary injunction and granted the motion. ECF No. 7. The court found that petitioner had established a likelihood of success on the merits of his claim that his re-detention violates federal regulations. Id. at 2. Respondents were ordered to immediately release petitioner and not impose additional restrictions on him, unless it was determined necessary at a future pre-deprivation/custody hearing. Id. Respondents were also enjoined from re-detaining petitioner absent a showing of change in circumstances warranting re-detention. Id.

## II. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

## III. Discussion

### A. Petition for Writ of Habeas Corpus

#### 1. Overview

The petition asserts four grounds for relief. Ground 1 alleges that petitioner's continued detention violates due process because his post-final removal order detention has extended beyond the presumptively reasonable six-month period and there is no significant likelihood that he will be removed in the reasonably foreseeable future. ECF No. 1 at 13-14. Ground 2 asserts that Immigration and Customs Enforcement's ("ICE's") current procedures relating to the removal of persons to third countries, which provide little to no notice or process, violate due process, 8 U.S.C. § 1231, applicable implementing regulations, the Convention Against Torture ("CAT"), and the APA. Id. at 14-15. Ground 3 alleges that the third-country removal program is punitive and violates the Eighth Amendment and Fifth Amendment due process. Id. at 15-16. Ground 4 asserts that petitioner's re-detention without notice or a demonstration of changed circumstances regarding the likelihood of removal violates the Fifth Amendment Due Process Clause, 8 C.F.R. § 241.13, and the APA. Id. at 17-18.

By way of relief, the petition seeks an order requiring petitioner's immediate release from custody, preventing petitioner's removal to a third country without a notice and a meaningful opportunity to respond, preventing petitioner's removal to a third country where removal would impose unconstitutional punishment, and any other relief deemed just and proper. Id. at 19.

#### 2. Ground 2– Third Country Removal Policy

For the reasons indicated in the court's prior order in Pham v. Warden, which the undersigned adopts and incorporates as if separately set forth herein, the undersigned finds that ICE's third country removal policy violates due process. Accordingly, it is recommended that the

petition be granted on Ground 2 and respondents be enjoined from removing petitioner to a third country absent adequate notice and a meaningful opportunity to raise a fear of removal. See Pham, 833 F. Supp. 3d 1092, 1116-17 (E.D. Cal. 2026); see also Berhe v. Mullin, No. 3:26-cv-2828-JES-VET, 2026 WL 2188211, *2 (S.D. Cal. July 29, 2026) ("[C]ourts in this district and throughout the Ninth Circuit continue to hold, as they did when this Court issued its prior order, that the March 30 Memo's diplomatic-assurances exception violates due process."); Giebashvili v. Noem, No. 25-cv-3432 BJC VET, 2026 WL 114422, *3 (S.D. Cal. Jan. 15, 2026) ("Several courts within the Ninth Circuit have held the policies provided in the ICE [July 9, 2025] memo are [sic] violate due process.") (collecting cases).

3. Ground 4 – Revocation of Release Claims

For the reasons indicated in the court's order granting a preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 application be granted based on respondent's violation of federal regulations, and that respondents' motion to dismiss be denied. See ECF No. 7 at 3-5; Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025); Vu v. Noem, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341 (E.D. Cal. Nov. 6, 2025); see also Pham, 833 F. Supp. 3d 1092 (finding "respondents had not met their burden under § 241.13(i)(2) because they failed to provide details concerning the changed circumstances and an explanation of how the changed circumstances made the noncitizen's removal significantly likely in the reasonably foreseeable future"). Additionally, as previously noted by the undersigned, "several courts have found that where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute and ICE fails to adhere to it, the challenged action is invalid." Pham, 833 F. Supp. 3d at 1112 (cleaned up). The undersigned finds that ICE's failure to follow its own regulations, with respect to the re-detention of noncitizens previously released, violates petitioner's due process rights under the Fifth Amendment and warrants an injunction against re-detention "absent pre-deprivation (1) notice and (2) a hearing before a neutral decisionmaker."

////

////

Pham, 833 F. Supp. 3d at 1112-14 (collecting cases).[1]

B. Motion to Appoint Counsel

In light of the above findings and recommendations, petitioner's motion to appoint counsel will be denied as moot.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is DENIED as moot.

FURTHER, IT IS RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED on his constitutional claims under Ground 2 and his regulatory and constitutional claims regarding the revocation of his release under Ground 4.

2. If the petition is granted, as recommended herein, the court dismiss without prejudice the remaining claims in the § 2241 petition in the interests of judicial economy.

3. Respondents be PERMANENTLY ENJOINED AND RESTRAINED from

   a. Seeking to revoke petitioner's supervision to re-detain him unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i), any other applicable statutes and regulations, and constitutional requirements.

   b. Removing petitioner to a third country unless respondents adhere to the following procedures:

      i. Provide petitioner a meaningful opportunity and a minimum of ten days to raise a fear-based claim for protection prior to removal;

      ii. If petitioner demonstrates reasonable fear of removal to the third country, respondents must reopen petitioner's removal proceedings; and

      iii. If petitioner is not found to have demonstrates a reasonable fear of

[1] In the interest of judicial economy and because Grounds 1 and 3 seek the same or similar relief as Grounds 2 and 4, the undersigned declines to address the merits of Grounds 1 and 3 and will recommend dismissal of these claims without prejudice.

removal to the third country, respondents must provide a meaningful opportunity and a minimum of fifteen days for petitioner to seek reopening of his immigration proceedings.

4. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE