UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KON BAGAT, A-078-765-373,

Petitioner,

v.

ANDREWS, et al.,

Respondents.

No. 1:26-cv-0346 DJC AC

AMENDED ORDER &

FINDINGS & RECOMMENDATIONS

Petitioner, a self-represented federal immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This action was referred to the undersigned by the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons discussed below, the undersigned denies the motion to appoint counsel as moot and recommends that respondents' motion to dismiss (ECF No. 6) be denied, the petition granted, and that respondents be enjoined from re-detaining or removing petitioner to a third country unless they adhere to specific constitutionally required procedures.

I. Factual and Procedural History

In 2009, after petitioner was subject to a final order of removal and the government was unable to remove him to Sudan, petitioner was released from custody. See ECF Nos. 1 (Verified Petition) at 2, 6 (Motion to Dismiss) at 2, 6-1 (Declaration of Deportation Officer Sellenia Olson) at 2, 6-5 (Order of Immigration Judge) at 1. On October 31, 2025, petitioner was transferred from

Arizona Department of Corrections and re-detained by immigration authorities. ECF No. 6-1 at 2.

On January 16, 2026, the court received petitioner's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges his detention under the Fifth Amendment Due Process Clause, federal regulations, and the Administrative Procedures Act ("APA"), and challenges Immigration and Customs Enforcement's ("ICE") current procedures regarding removal of persons to third countries. ECF No. 1. Petitioner also filed a motion to appoint counsel. ECF No. 2.

The court construed the petition as including a motion for a temporary restraining order and issued a briefing order. ECF No. 4. Respondents filed a combined motion to dismiss the petition and a response to the petition. ECF No. 6. The response stated that respondents did not oppose the conversion of the motion for a temporary restraining order to a motion for preliminary injunction. Id. at 5 n.4.

The court converted the motion for temporary restraining order to a motion for preliminary injunction and granted the motion. ECF No. 7. The court found that petitioner had established a likelihood of success on the merits of his claim that his re-detention violates federal regulations. Id. at 2. Respondents were ordered to immediately release petitioner and not impose additional restrictions on him, unless it was determined necessary at a future pre-deprivation/custody hearing. Id. Respondents were also enjoined from re-detaining petitioner absent a showing of change in circumstances warranting re-detention. Id.

## II. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

## III. Discussion

### A. Petition for Writ of Habeas Corpus

#### 1. Overview

The petition asserts four grounds for relief. Ground 1 alleges that petitioner's continued detention violates due process because his post-final removal order detention has extended beyond the presumptively reasonable six-month period and there is no significant likelihood that he will be removed in the reasonably foreseeable future. ECF No. 1 at 13-14. Ground 2 asserts that Immigration and Customs Enforcement's ("ICE's") current procedures relating to the removal of persons to third countries, which provide little to no notice or process, violate due process, 8 U.S.C. § 1231, applicable implementing regulations, the Convention Against Torture ("CAT"), and the APA. Id. at 14-15. Ground 3 alleges that the third-country removal program is punitive and violates the Eighth Amendment and Fifth Amendment due process. Id. at 15-16. Ground 4 asserts that petitioner's re-detention without notice or a demonstration of changed circumstances regarding the likelihood of removal violates the Fifth Amendment Due Process Clause, 8 C.F.R. § 241.13, and the APA. Id. at 17-18.

By way of relief, the petition seeks an order requiring petitioner's immediate release from custody, preventing petitioner's removal to a third country without a notice and a meaningful opportunity to respond, preventing petitioner's removal to a third country where removal would impose unconstitutional punishment, and any other relief deemed just and proper. Id. at 19.

Respondents filed a combined motion to dismiss the petition and a response to the petition arguing that the petition should be dismissed or denied because (1) petitioner second and third grounds regarding third-country removal are factually unsupported because petitioner is a native and citizen of Sudan, the country named in the removal order, and the government is currently

seeking travel documents to remove petitioner to Sudan; (2) detention under 8 U.S.C. § 1231(a)(2) and (a)(6) "remains constitutional so long as it continues to 'serve its purported purpose,'" which in this case is to "protect[ ] the public from dangerous criminals; and (3) petitioner fails to satisfy his burden under Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Id. at 2-5. The pleading does not address any of petitioner's revocation of release claims under Ground 4.

2. Ground 2– Third Country Removal Policy

For the reasons indicated in the court's prior order in Pham v. Warden, which the undersigned adopts and incorporates as if separately set forth herein, the undersigned ICE's third country removal policy is unlawful. 833 F. Supp. 3d 1092, 1116-17 (E.D. Cal. 2026) (adopting and incorporating by reference the comprehensive analysis of the third-country removal policy in D.V.D. v. United States Dep't of Homeland Sec., 821 F. Supp. 3d 102, 145-64 (D. Mass. 2026), and finding petitioner is entitled to relief for the reasons stated in D.V.D.).

The undersigned rejects respondents' argument that the grounds regarding third-country removal are factually unsupported. In analyzing the third-country removal policy and assessing risk of erroneous deprivation under the Mathews v. Eldridge test,[1] the court in D.V.D. explained:

> Defendants' recourse to "prior immigration proceedings" is especially concerning when one thinks prospectively: to avoid litigating CAT claims, DHS need only avoid having the actual country of removal designated during removal proceedings. That way, DHS gets to test the suitability of that country for removal through the less-rigorous March Guidance procedures, if it gets tested at all, while still being able to claim that the individual received "the panoply of procedural safeguards and protections available to them in their prior immigration proceedings." Dkt. 231 at 24. Previously, one could have found some comfort in the idea that the Government would not *intentionally* engage in this kind of gamesmanship because, at least as of March 24, 2025, it claimed to believe that late designations could not prevent fear-based

---

[1] To determine what process is due to protect a liberty interest, the court considers three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

> claims. *However, given the existence of the March Guidance, it defies logic to imagine that DHS would not avail itself of this obviously less burdensome, if somewhat furtive, approach.*

D.V.D., 821 F. Supp. 3d at 154-55 (first emphasis in original). In concluding that the risk of erroneous deprivation was high, the court found the following: "[T]he March Guidance extinguishes valid challenges to third-country removal *by effecting removal before those challenges can be raised*" and "[t]he March Guidance is inadequate as to CAT claims and offers no protection against Defendants' violating Plaintiff's rights to be removed, in the first instance, *pursuant to their order of removal*—indeed, it appears to explicitly condone such violations." Id. at 162 (emphasis added). These circumstances, which apply equally here, factually support petitioner's claim and undermine the relevance of respondents' assertion that they are trying to remove petitioner to Sudan, pursuant to petitioner's removal order, not a third country.

Moreover, as noted in D.V.D., the Government repeatedly violated, or attempted to violate, this Court's orders" regarding the third-country removal policy by "remov[ing] at least six class members to El Salvador and Mexico without providing the process required under the temporary restraining order," attempting to remove class members "to Libya without having received notice of their removal or an opportunity to raise CAT claims, as required under the preliminary injunction," attempting to remove class members on a flight to South Sudan "without any meaningful notice or opportunity to raise a CAT claim, in what could only be described as a flagrant, willful violation of this Court's order," and giving "fewer than 16 hours' notice before being removed, most of which were non-waking hours, none within the business day." See id. at 121-123 (cleaned up). The government's documented pattern of failure to follow the law and disregard of federal court orders also factually supports petitioner's claim.

Accordingly, the undersigned finds the existence of the third-country removal policy which allows the government to bypass important procedural protections, at any moment and in secret, and condones such behavior, as well as prior implementation or attempts to implement the policy despite ongoing litigation, is sufficient to factually support petitioner's claim that the third-country removal policy presents a real risk to petitioner that his rights will be violated at any

moment. For the reasons stated in Pham and D.V.D., the undersigned finds the third-country removal policy violates petitioner's constitutional rights, and recommends the petition be granted on Ground 2 and that respondents be enjoined from removing petitioner to a third country absent adequate notice and a meaningful opportunity to raise a fear of removal. See Pham, 833 F. Supp. 3d at 1116-17; D.V.D., 821 F. Supp. 3d at 148-165, 168 (setting aside the March Guidance as not in accordance with the Fifth Amendment Due Process Clause in violation of 5 U.S.C. § 702(2)(A)); see also Berhe v. Mullin, No. 3:26-cv-2828-JES-VET, 2026 WL 2188211, *2 (S.D. Cal. July 29, 2026) ("[C]ourts in this district and throughout the Ninth Circuit continue to hold, as they did when this Court issued its prior order, that the March 30 Memo's diplomatic-assurances exception violates due process."); Giebashvili v. Noem, No. 25-cv-3432 BJC VET, 2026 WL 114422, *3 (S.D. Cal. Jan. 15, 2026) ("Several courts within the Ninth Circuit have held the policies provided in the ICE [July 9, 2025] memo… violate due process.") (collecting cases).

3. Ground 4 – Revocation of Release Claims

For the reasons indicated in the court's order granting a preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 application be granted on grounds of respondents' violation of federal regulations, and that respondents' motion to dismiss be denied. See ECF No. 7 at 3-5; Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025); Vu v. Noem, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341 (E.D. Cal. Nov. 6, 2025); see also Pham, 833 F. Supp. 3d 1092 (finding "respondents had not met their burden under § 241.13(i)(2) because they failed to provide details concerning the changed circumstances and an explanation of how the changed circumstances made the noncitizen's removal significantly likely in the reasonably foreseeable future"). Additionally, as previously noted by the undersigned, "several courts have found that where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute and ICE fails to adhere to it, the challenged action is invalid." Pham, 833 F. Supp. 3d at 1112 (cleaned up). The undersigned finds that ICE's failure to follow its own regulations, with respect to the re-detention of noncitizens previously released, violates petitioner's due process rights under the Fifth Amendment and warrants an injunction

against re-detention "absent pre-deprivation (1) notice and (2) a hearing before a neutral decisionmaker." Pham, 833 F. Supp. 3d at 1112-14 (collecting cases).[2]

B. Pending Motions

In light of the above findings and recommendations, petitioner's motion to appoint counsel will be denied as moot, and the undersigned will recommend the motion to dismiss be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is DENIED as moot.

FURTHER, IT IS RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED on his constitutional claims under Ground 2 and his regulatory and constitutional claims regarding the revocation of his release under Ground 4.

2. If the petition is granted, as recommended herein, the court dismiss without prejudice the remaining claims in the § 2241 petition in the interests of judicial economy.

3. Respondents be PERMANENTLY ENJOINED AND RESTRAINED from

   a. Seeking to revoke petitioner's supervision to re-detain him unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i), any other applicable statutes and regulations, and constitutional requirements.

   b. Removing petitioner to a third country unless respondents adhere to the following procedures:

      i. Provide petitioner a meaningful opportunity and a minimum of ten days to raise a fear-based claim for protection prior to removal;

      ii. If petitioner demonstrates reasonable fear of removal to the third country, respondents must reopen petitioner's removal proceedings;

---

[2] In the interest of judicial economy and because Grounds 1 and 3 seek the same or similar relief as Grounds 2 and 4, the undersigned declines to address the merits of Grounds 1 and 3 and will recommend dismissal of these claims without prejudice.

and

iii. If petitioner is not found to have demonstrates a reasonable fear of removal to the third country, respondents must provide a meaningful opportunity and a minimum of fifteen days for petitioner to seek reopening of his immigration proceedings.

4. Respondents' motion to dismiss (ECF No. 6) be DENIED.

5. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE